THE FAJARDO SUGAR COMPANY, PLAINTIFF AND APPELLANT, *v.* SANTIAGO ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1, in ancillary proceedings on a bill of costs in injunction proceedings.

No. 1041.—Decided December 18, 1913.

APPEAL—COSTS—RULING ON BILL OF COSTS WHILE APPEAL IS PENDING—JURISDICTION.—In accordance with the Costs Act of March 12, 1908, when a judgment has been appealed from the trial court retains jurisdiction to rule on the objections in proceedings for the taxation of costs, but it cannot issue execution thereon until the appeal from the judgment is decided.

ID.—ATTORNEY'S FEES—SUBJECT-MATTER OF LITIGATION.—In an appeal from a ruling approving a bill of costs, the question of whether attorney's fees may or may not be imposed in injunction proceedings in which it is impossible to determine whether or not the subject-matter of the litigation exceeds $500 in value, cannot be considered, this being a question which should be raised on appeal from the judgment imposing the attorney's fees.

COSTS—DISBURSEMENTS—TRAVELING EXPENSES.—The traveling expenses of one of the parties to an action do not form part of the costs, properly speaking, but said expenses may be allowed lawfully as disbursements; therefore, said expenses cannot be included in the bill of costs when the judgment is for costs only and not for disbursements. *Veve* v. *Municipality of Fajardo,* 18 P. R. R., 738.

The facts are stated in the opinion.

*Messrs. Armstrong & Keith* and *Luis Muñoz Morales* for appellant.

*Mr. José E. Benedicto* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

From the statement of the case duly prepared, approved and certified it appears that in injunction proceedings brought by The Fajardo Sugar Co. against defendants Santiago and Rodríguez a final judgment was rendered by the District Court of San Juan, Section 1, dismissing the complaint with costs and attorney's fees against the plaintiff. The judgment was rendered on May 29, 1913, and due notice thereof given.

On June 6, 1913, the defendants filed their bill of costs amounting to $586.15 and on the 7th of the same month the plaintiff filed written objections to the item of $40 for traveling expenses of the defendants incurred by reason of the suit on the ground that the said item did not properly come under costs, and to the item of $500 for attorney's fees on the ground that it was excessive.

On June 30 the plaintiff appealed from the judgment to this court. While the appeal was pending and on motion of the defendants, at the second reading of the calendar of the district court, September 16, 1913, was set for a hearing on the objections to the bill of costs. On the day set only the defendants appeared and the court approved the bill of costs with the exception of the item for attorney's fees, which it reduced to $400. From that decision the plaintiff took the present appeal.

In its brief the appellant maintains:

1. That the court erred in considering and ruling on the bill of costs while the judgment allowing said costs was on appeal.

2. That the court erred in allowing attorney's fees in this case.

The first question raised was finally disposed of by this court in the case of *Buxó et al.* v. *Buxó et al.,* 18 P. R. R., 188, where the following doctrine is laid down:

"In accordance with the Costs Act of March 12, 1908, the trial court has jurisdiction in proceedings for the taxation of costs as far as deciding the objections raised without excepting cases where an appeal has been taken from the judgment allowing the costs, but has no jurisdiction to enforce its decisions and order the collection of said costs while an appeal from the judgment is pending."

We must hold therefore that the trial court did not commit the first of the errors alleged. Let us consider the second.

It is contended that this is not a case in which attorney's fees can be allowed, because it is injunction proceedings in which it is impossible to ascertain whether or not the subject-matter of the suit exceeds $500.

This allegation directly attacks one of the pronouncements of the judgment and cannot be discussed and decided in an appeal from the order of the court fixing the amount of the costs, disbursements and attorney's fees, but only in an appeal from the judgment containing the pronouncement objected to. See the case of *Busigó* v. *Yordán,* 19 P. R. R., 598.

In its brief the appellant also makes the same objections which he made in the lower court to the item of $40 for traveling expenses of the defendants from Mameyes to San Juan by reason of the suit.

In accordance with the doctrine laid down by this court in the case of *Veve* v. *The Municipality of Fajardo,* 18 P. R. R., 738, it is evident that the said item, properly speaking, does not form part of the "costs," which include only "fees and indemnities consisting of sums fixed and unalterable previously specified by law, rule or tariff." Where, however, the said item may be allowed lawfully it should be included under disbursements, which are "the expenses of a suit which are not included in costs as defined in the preceding paragraph, or, in other words, the indemnities and fees not consisting of fixed and unalterable sums previously specified by law, rule or tariff."

This being so it is equally clear, according to the doctrine laid down in the case of *Veve* v. *The Municipality of Fajardo,*

that the plaintiff-appellant cannot be compelled to pay a disbursement which it has not been expressly adjudged to pay in the judgment as it appears in the statement of the case.

In view of the foregoing the decision appealed from should be affirmed as to that part which orders the payment of the costs specified in the bill of costs and of the attorney's fees allowed by the court, and reversed as to that part ordering the payment of the item of $40 for traveling expenses of the defendants.

> *Affirmed except as to $40 traveling expenses of defendants.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.